1  MICHAEL R. BLAHA, ESQ., State Bar No. 89209
2  2530 Wilshire Boulevard, Third Floor
   Santa Monica, California  90403
3  Telephone:  (310) 828-4847
   e-mail: mike@blahalaw.com

E-FILED 12/18/14

Attorneys for Plaintiff MICHAEL NUTTALL p/k/a MICHAEL FLOREALE d/b/a
WHEN IN ROME and MUSICWERKS and Counter-defendant ARTIST WORLDWIDE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL NUTTALL p/k/a/ MICHAEL FLOREALE d/b/a WHEN IN ROME and MUSICWERKS,<br><br>        Plaintiff,<br><br>vs.<br><br>BOBBY GENE JUAREZ a/k/a ROB JUAREZ individually and d/b/a BOSS BOOKING AGENCY and WHEN IN ROME UK and WHEN IN ROME; CLIVE FARRINGTON individually and d/b/a WHEN IN ROME UK and WHEN IN ROME; ANDREW MANN, individually and d/b/a/ WHEN IN ROME UK and WHEN IN ROME<br><br>        Defendants.<br>_____<br>CLIVE FARRINGTON,<br><br>        Counterclaimant<br><br>vs.<br><br>MICHAEL NUTTALL p/k/a/ MICHAEL FLOREALE, d/b/a WHEN IN ROME and MUSICWERKS; ARTIST WORLD WIDE, an entity unknown<br><br>        Counterdefendants<br>_____ | CASE NO.: 2:13-CV-08885-PSG-AS<br><br>[PROPOSED] ORDER ENTERING STIPULATED PERMANENT INJUNCTION |

[PROPOSED] ORDER ENTERING STIPULATED PERMANENT INJUNCTION            1

Having considered the parties' Stipulated Permanent Injunction,

IT IS HEREBY ORDERED that:

Defendants and Plaintiff and their respective predecessors, successors, assigns, affiliates, parent corporations, subsidiaries, representatives, agents, officers, directors, and shareholders, all entities owned by or affiliated with any of them, and all those acting in concert or participation with them shall be permanently enjoined and restrained from:

1. Using or displaying in any manner or media whatsoever, including but not limited to advertising, marketing, or promotion (including, but not limited to the registration or maintenance of an internet domain name) recorded music, musical compositions, or live musical performances, the Mark WHEN IN ROME (Registration No. 3,899,742 and Registration No. 4,285,613) (the "Mark") in any medium or through use of any technology now known or hereafter developed;

2. Assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraph 1 above;

3. Plaintiff, his predecessors, successors, assigns, affiliates, parent corporations, subsidiaries, representatives, agents, officers, directors, and

shareholders hereby agree that they will only perform live and record music under the name WHEN IN ROME II, and that the "II" shall be of the same size and prominence as the Mark in all advertising, marketing and promotion thereof;

4. Notwithstanding the foregoing injunction, Defendants Farrington and/or Mann may advertise, market and promote recorded music, musical compositions or live musical performances under their own names, by identifying themselves as "Original Members of When In Rome UK;" provided, however, that said identification be in type size no larger than 50% of Defendant's own names, and that Defendants otherwise do nothing to cause said identification to be more prominent than their own names and do nothing to confuse or mislead the public with respect to Defendants' association with the Mark or Plaintiff's endorsement or authorization of their use of the Mark.; and

5. Defendants shall not make, post or publish any statement in interviews, online, in correspondence to third parties or otherwise disparaging Plaintiff, challenging or interfering with Plaintiff's rights in the Marks or Plaintiff's right to perform or record under the name WHEN IN ROME II consistent with this Injunction. Plaintiff shall not make, post or publish any statement in interviews, online, in correspondence or otherwise disparaging Defendants challenging or

interfering with Defendants' right to perform or record under their individual names as "Original Members of WHEN IN ROME UK" consistent with this Injunction. Moreover, no party shall make, post or publish any negative or derogatory statements about the other in interviews, in social media or elsewhere online, or otherwise.  If third parties post derogatory statements about a Party(ies) on social media or websites under a Parties' control, said controlling party shall on their Party's(ies') website(s), the party shall cause the derogatory post(s) to be deleted from his/their website.

     The Court shall maintain jurisdiction over this Stipulated Permanent Injunction and its enforcement.  The parties further stipulate and consent to the continuing jurisdiction of this Court to adjudicate any disputes involving the Settlement Agreement.

Date :  12/18/14

**PHILIP S. GUTIERREZ**
_____
United States District Court Judge

[PROPOSED] ORDER ENTERING STIPULATED PERMANENT INJUNCTION    4