| Case No. | CV 13-8885 PSG (ASx) | Date | January 25, 2019 |
|---|---|---|---|
| Title | Michael Nuttall v. Bobby Gene Juarez et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     The Court AWARDS Plaintiff $994.44 in attorneys' fees and costs

Before the Court is Plaintiff Michael Nuttall's ("Plaintiff") motion for attorneys' fees and costs. *See* Dkt. # 240 ("*Mot.*"). Defendant Clive Farrington ("Defendant") opposes the motion, *see* Dkt. # 245 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 246 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **AWARDS** Plaintiff **$994.44** in attorneys' fees and costs.

I.     Background

On December 18, 2014, this Court entered a Stipulated Permanent Injunction ("Injunction") concerning the use of the WHEN IN ROME mark by the parties. Dkt. # 184. After two unsuccessful attempts, on September 11, 2018, the Court finally granted Plaintiff's motion for an order to show cause ("OSC") why Defendant should not be held in contempt and sanctioned. *See* Dkt. # 222. After issuance of the OSC, Plaintiff deposed Defendant and Rob Juarez, who was also party to Plaintiff's original suit. In the end, Plaintiff amassed 232 supposed violations of the Injunction by Defendant. *See* Dkts. # 220, 226.

Having considered the moving papers, the evidence, and oral arguments made at the hearing, the Court entered an order granting in part and denying in part Plaintiff's motion for finding of contempt and sanctions. *See November 26, 2018 Order*, Dkt. # 237 ("*Nov. 26 Order*"). The Court found that Plaintiff had failed to establish that Defendant was responsible, either on a principal-agent theory or an aiding and abetting one, for allegedly noncompliant materials prepared by Juarez. *See id.* at 3–5. It also found that Plaintiff had failed to present any evidence that Defendant had control over the allegedly noncompliant materials generated by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8885 PSG (ASx) | Date | January 25, 2019 |
|---|---|---|---|
| Title | Michael Nuttall v. Bobby Gene Juarez et al. | | |

third parties. *See id.* at 6. However, determining that Defendant *had* personally violated the Injunction on five occasions, the Court ordered him to pay a coercive fine of $100 for each violation, totaling $500, to the Court. *Id.* at 8. The amount of sanctions was based on (1) the fact that Plaintiff failed to produce any evidence that he had been harmed or suffered losses from Defendant's violations and (2) the record that showed Defendant had made good faith efforts to abide by the Injunction by proactively requesting that non-compliant materials be corrected. *See id.*

Plaintiff now seeks $43,131.25 in attorneys' fees and $6,590.50 in costs incurred from prosecuting the contempt proceedings. *See generally Mot.*

II. Legal Standard

An award of attorneys' fees for the purpose of compensating the moving party for the cost of prosecuting a contempt case is within the discretion of the trial court. *See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014) ("[T]he cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order."); *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) ("[T]he trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure.").

III. Discussion

Where a plaintiff obtains excellent results from contempt proceedings, he should normally be fully compensated for his attorneys' fees and costs in full. In contrast, where a plaintiff has "achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (discussing the standard for calculating attorneys' fees in the context of 42 U.S.C. § 1988).

Here, Plaintiff succeeded in persuading the Court to find Defendant in contempt for only 5 out of 232 alleged violations. This represents a 2% success rate. Further, the fact that the Court imposed a fine of merely $100 for each of the five violations conveys how the Court viewed the gravity of Defendant's violations that Plaintiff was able to prove. Therefore, the Court declines to reward Plaintiff's overzealousness with a full award. Instead, the Court finds that applying Plaintiff's 2% success rate to the total fees and costs sought is commensurate with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8885 PSG (ASx) | Date | January 25, 2019 |
|---|---|---|---|
| Title | Michael Nuttall v. Bobby Gene Juarez et al. | | |

the relief Plaintiff obtained.

Therefore, the Court **GRANTS** Plaintiff's motion and **AWARDS** Plaintiff **$994.44**[1] in attorneys' fees and costs.

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion and **AWARDS** Plaintiff **$994.44** in attorneys' fees and costs. Defendant is **ORDERED** to pay the amount by **February 15, 2019**.

**IT IS SO ORDERED.**

---

[1] ($43,131.25 + $6,590.50) * 2% = $994.44